UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL GILMORE, <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | CASE NO. C16-1617 MJP <br><br> ORDER ON PLAINTIFF'S MOTION TO COMPEL |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion to Compel Answers and Responses (Dkt. No. 24);

2. Defendant's Opposition to Plaintiff's Motion to Compel Answers and Responses (Dkt. No. 26);

3. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Compel Answers and Responses (Dkt. No. 28);

all attached declarations and exhibits; and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is PARTIALLY GRANTED.

1       IT IS FURTHER ORDERED that both sides will bear their own costs.

2       It appears to the Court from a review of the pleadings that Defendant has supplied a majority of the responses and items which prompted Plaintiff to file this motion.

      There remains, however, one issue where further discovery is necessary. It appears to the Court that Plaintiff's job responsibilities are organized around a "piece work" system; i.e., an employee checks out a part to work on, whichever part that might be, and all employees work from a common "bin of work." The end result is that no employee is responsible for a specific part or a specific set of duties (aside from working on whichever part he or she checks out to the best of his or her ability), therefore no one "replaces" a specific employee. The next employee hired simply takes his or her place in the line of workers repairing parts from the common "bin of work."

      Thus, a better way to identify Plaintiff's "replacement" would be to provide the name and personnel information of the next person promoted from the trainee pool to work in Plaintiff's area following Plaintiff's departure. Defendant must produce that information to Plaintiff within seven days of this order.

      Regarding fees and costs for this motion, neither side will be forced to bear the other's expenses. There appear to have been problems on both sides of the discovery process here. Plaintiff waited until the end of the discovery period to complain about incomplete answers; Defendant failed to produce as promptly as it could have the answers needed by Plaintiff. The Court's case schedule deadlines forced a premature filing and the parties failed to confer until there was an impasse.

      Regarding future discovery disputes which must be brought before the Court, if any, the parties are directed to the Local Rule 39.1 unified filing format and directed to adhere to that.

The clerk is ordered to provide copies of this order to all counsel.

Dated: October 26, 2017.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge