|  |  |  |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| MICHAEL GILMORE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BOEING COMPANY,<br><br>　　　　　　　Defendant. | CASE NO. C16-1617-MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND TO EXTEND REBUTTAL REPORT DEADLINE | |

THIS MATTER comes before the Court on Defendant Boeing Company's Motion to Compel Interview of Plaintiff by Boeing's Rebuttal Export and to Extend Rebuttal Report Deadline. (Dkt. No. 31.) Having reviewed the Motion, the Response (Dkt. No. 46), the Reply (Dkt. No. 48) and all related papers, the Court DENIES Defendant's Motion.

**Background**

Plaintiff filed suit against Boeing in October 2016 for claims including discriminatory and retaliatory termination, hostile work environment, and failure to accommodate his disability. (Dkt. No. 1.) Plaintiff requested economic damages in the form of back pay and front pay, lost

wages and benefits, and medical expenses. (Id.) Boeing answered the complaint in December 2016 and plead various affirmative defenses including failure to mitigate damages. (Dkt. No. 8.) Pursuant to the Court's September 6, 2017 scheduling order, expert witnesses were to be disclosed by September 5, 2017; discovery completed by November 3, 2017; and dispositive motions filed by December 4, 2017. (Dkt. No. 21.) The parties stipulated to extend the deadline for expert disclosures until November 14, 2017. (Dkt. No. 23.)

On November 14, 2017, Plaintiff disclosed experts including Ms. Christina Tapia (who opined on the economic implications of Plaintiff's damages) and Mr. Anthony J. Choppa, Jr. (who opined on Plaintiff's vocational potential). (Dkt. No. 31 at 3.) Boeing did not disclose any experts. (Id. at 3; Dkt. No. 46 at 9.) Following Plaintiff's disclosure of experts, Boeing asked Plaintiff to submit to an interview with its vocational expert, Mr. Lee Miller. (Dkt. No. 31 at 3.) Plaintiff has refused to do so, and Boeing filed this motion on November 30, 2017. (Id.)

**Discussion**

A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Boeing claims that modification to the scheduling order is needed to allow Mr. Miller to interview Plaintiff to determine whether he made appropriate efforts to mitigate damages, and to thereby rebut Ms. Tapia's and Mr. Choppa's economic damages and vocational analyses. (Dkt. No. 31 at 4-5.) Boeing claims it was unable to disclose Mr. Miller or to seek the requested interview before the expert disclosure and discovery deadlines because it "did not know if it needed to designate rebuttal experts until receiving Plaintiff's disclosures on November 14." (Id. at 6.) However, Plaintiff's failure to mitigate damages is certainly relevant to Boeing's own affirmative defense, and Boeing has not offered a satisfactory explanation as to why it could not disclose Mr. Miller or seek the interview with Plaintiff before the deadline for expert disclosure.

Further, unlike in Shokri v. Boeing, No. C16-1132RSM, 2017 WL 4339609, at *4 (W.D. Wash. Sept. 29, 2017), where the motion to compel was *before* the close of discovery, Boeing has waited until nearly a month *after* the close of discovery to file this motion.

**Conclusion**

Because Boeing has not demonstrated good cause for modifying the scheduling order to permit Mr. Miller to interview Plaintiff, the Court DENIES Defendant's Motion in its entirety.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 18, 2017.

Marsha J. Pechman
United States District Judge